CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 15 2011

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal Action No. 5:07CR00063-004 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| JOSE LUIS CORTES GONZALEZ, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines. For the following reasons, the court will deny the defendant's motion to reduce his term of imprisonment.

On May 14, 2008, the defendant, Jose Luis Cortes Gonzalez, pled guilty to conspiring to possess with the intent to distribute more than five kilograms of powder cocaine and more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846; and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The defendant was sentenced on April 16, 2009. Under the advisory sentencing guidelines, the defendant had a total offense level of 29 and a criminal history category of I, resulting in a guideline range of imprisonment of 120 months on the drug conviction, plus a consecutive 60 months on the firearm conviction.[1] The court imposed a total term of imprisonment of 180 months (120 months on the drug conviction, plus a consecutive 60 months on the firearm conviction). On March 15, 2011, in response to a remand from the United States Court of Appeals for the Fourth Circuit in which the

---

[1] With a total offense level of 29 and a criminal history category of I, the defendant's guideline range of imprisonment would have been 87 months to 108 months. However, this defendant was subject to a mandatory minimum sentence of 120 months on the drug conviction, pursuant to 21 U.S.C. § 841(b)(1)(A), and a mandatory consecutive sentence of 60 months on the firearm conviction, pursuant to 18 U.S.C. § 924(c). Where the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence becomes the advisory guideline sentence. U.S.S.G. § 5G1.1(b).

Fourth Circuit vacated the defendant's firearm conviction, this court entered an amended judgment, reducing the defendant's total sentence to 120 months, based on the remaining drug conviction.

Pursuant to its statutory authority, the United States Sentencing Commission has promulgated a permanent amendment to the sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, which implements the provisions of the Fair Sentencing Act of 2010 (Amendment 750). On June 30, 2011, the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

The defendant filed a pro se motion to reduce his sentence on November 7, 2011. Having considered the defendant's motion, the court is constrained to conclude that it must be denied.

"Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment when the defendant 'is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" United States v. Hood, 556 F.3d 226, 231 (4th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)) (emphasis in original). Thus, to be the basis of a reduction under § 3582(c)(2), an amendment to the sentencing guidelines "must have 'the effect of lowering the defendant's applicable guideline range.'" Id. (quoting U.S.S.G. § 1B1.10(a)(2)(B)) (emphasis in original).

In the instant case, the defendant was subject to a statutorily mandated minimum term of imprisonment of 120 months. 21 U.S.C. § 841(b)(1)(A). Because the minimum term of imprisonment required by § 841(b)(1)(A) was greater than the guideline range that otherwise would

have applied at the time the defendant was sentenced, supra note 1, his guideline range became 120 months. U.S.S.G. § 5G1.1(b). Although § 841(b)(1)(A) was recently amended by the Fair Sentencing Act, the changes to the statute do not apply retroactively to reduce or eliminate the mandatory minimum penalties to which the defendant was subject at the time of his original conviction. See United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011) (holding that the Fair Sentencing Act does not apply retroactively to defendants sentenced before it was enacted). As a result, the defendant is still subject to a statutorily required minimum term of imprisonment of 120 months and, therefore, his guideline range remains the same under the amended guideline provisions. Accordingly, a sentence reduction is not authorized under § 3582(c)(2), since Amendment 750 does not have the effect of lowering the defendant's applicable guideline range. See U.S.S.G. § 1B1.10 app. n.1(A) (explaining that a reduction in a defendant's term of imprisonment is not authorized under § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"). For these reasons, the defendant's motion for reduction in sentence must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 15th day of December, 2011.

_____
Chief United States District Judge